USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/09/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
PAKAGE APPAREL, INC. D/B/A BN3TH,           :
:
Plaintiff,       :
:           24-cv-6371 (LJL)
-v-              :
:           OPINION AND ORDER
TOMMY JOHN, INC.,                           :
:
Defendant.       :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant Tommy John, Inc. ("Defendant") moves the Court for an order staying this patent infringement lawsuit pending inter partes review ("IPR") of the U.S. Patent No. 10,834,974 (the "'974 Patent") filed with the Patent Trial and Appeals Board ("PTAB") of the U.S. Patent & Trademark Office ("PTO") on July 12, 2024. Dkt. No. 30.

For the following reasons, the motion to stay is granted.

## BACKGROUND

Plaintiff Pakage Apparel, Inc. d/b/a BN3TH ("Plaintiff") is a Canadian company that manufactures, promotes, and sells men's undergarments, among other products. Dkt. No. 1 ¶¶ 7, 19. It is the assignee and sole owner of the '974 Patent for underwear for men. *Id.* ¶ 22. The '974 Patent describes "an innovative pouch to provide men with comfortable and secure support during exercise." Dkt. No. 35 at ECF p. 5. Defendant is a Delaware corporation that, among other things, markets and sells men's underwear. *Id.* ¶¶ 8, 13. Plaintiff and Defendant compete directly with one another, including in the sale of men's underwear. *Id.* ¶ 20. In November 2020, Plaintiff put Defendant on notice of its claim that Defendant was infringing Plaintiff's rights in the '974 Patent and requested that Defendant immediately cease and desist from its

infringing activities. *Id.* ¶¶ 25, 38; Dkt. No. 25-2 at ECF pp. 12–14. Defendant responded in December 2020 that Plaintiff's claim of infringement was frivolous because of the differences between its products and the '974 Patent. Dkt. No. 25-2 at ECF pp. 19–22. It also asserted that the '974 Patent was likely invalid. *Id.* It refused to cease its activities. *Id.*; Dkt. No. 1 ¶ 25.

On November 17, 2023, Plaintiff brought suit against Defendant in the United States District Court for the Southern District of Texas, alleging that Defendant infringed the '974 Patent. *See* Dkt. No. 1. Plaintiff claims that Defendant's products sold under the Tommy John brand with a feature that Tommy John refers to as the "Hammock Pouch" infringe the '974 Patent, including the following products: Tommy John's 360 Sport Hammock Pouch, Second Skin Hammock Pouch, Cool Cotton Hammock Pouch, Air Hammock Pouch, and the TJ Cotton Stretch Hammock Pouch. *Id.* ¶ 23. Among other relief, Plaintiff seeks damages and a permanent injunction. *Id.* at ECF p. 10.[1]

Defendant answered on February 16, 2024. Dkt. No. 19.

The court held an initial conference on May 1, 2024. Dkt. No. 28. On May 6, 2024, the court issued a Patent Case Scheduling Order ("Scheduling Order"). Dkt. No. 29. The Scheduling Order provides for preliminary infringement contentions to be served by May 15, 2024, preliminary invalidity and inequitable conduct allegations to be served by July 17, 2024, proposed terms and claim elements for construction to be exchanged by July 24, 2024, preliminary claim construction and extrinsic evidence to be exchanged by August 7, 2024, a discovery deadline of September 25, 2024 for claim construction issues, and briefs on claim construction to be filed in October and November 2024. *Id.* It further provides for a *Markman*

---

[1] The *ad damnum* clause contains a demand for a preliminary injunction, *id.*, but Plaintiff has not moved for preliminary injunctive relief.

hearing on December 11, 2024, a contemplated date of January 22, 2025 for a decision on claim construction, completion of all discovery by June 18, 2025, and a final pretrial conference on November 18, 2025. *Id.*

On August 22, 2024, the court granted Defendant's motion to transfer venue to the United States District Court for the Southern District Of New York pursuant to 28 U.S.C. § 1404(a). Dkt. No. 36.[2] This Court has yet to hold a conference in the case.

Defendant made its motion to stay the litigation pending the resolution of the IPR on July 23, 2024, before the case was transferred to this Court. Dkt. No. 30. Plaintiff filed a memorandum in opposition to the motion for a stay on August 13, 2024. Dkt. No. 35. On August 27, 2024, Defendant filed a reply memorandum of law in further support of the motion. Dkt. No. 42.

## DISCUSSION

Defendant's motion for a stay is based on an IPR petition it filed with the PTAB on July 12, 2024 (the "Petition"). Dkt. Nos. 30-1 ¶ 2; 30-2. The PTAB is required to decide whether to institute the IPR within three months of the response or waiver of response, which both parties agree will be in approximately mid-January 2025. 35 U.S.C. § 314(b); *see* Dkt. No. 30 at 3; Dkt. No. 35 at 1. The PTAB is required to render a final written decision within approximately 18 months from the Petition's filing date, which the parties agree will be on January 12, 2026. 35 U.S.C. § 316(a)(11); 37 C.F.R. § 42.100(c); *see* Dkt. No. 35 at 13.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

---

[2] Defendant's motion to transfer venue was made on March 13, 2024, shortly after it answered and before the Texas Court had its initial conference or entered the Scheduling Order. Dkt. No. 22.

3

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  The Court thus has the power to stay the action pending IPR review.  *See Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016); *Goodman v. Samsung Elecs. Am., Inc.*, 2017 WL 5636286, at *2 (S.D.N.Y. Nov. 22, 2017).

"Congress established [IPR] in the Leahy-Smith America Invents Act (AIA), 125 Stat. 284, enacted in 2011."  *Thryv, Inc v. Click-To-Call Techs., LP*, 590 U.S. 45, 48 (2020).  "By providing for inter partes review, Congress, concerned about overpatenting and its diminishment of competition, sought to weed out bad patent claims efficiently."  *Id*. at 54.  Under the Act, any person who is not the owner of a patent can file a petition to institute an IPR of the patent and request the cancellation of one or more of its claims as unpatentable on the basis of prior art.  35 U.S.C. § 311.  The patent owner has the right to file a preliminary response to the petition setting forth reasons why no IPR should be instituted.  *Id*. § 313.  And an IPR will be instituted only if there is a reasonable likelihood that the petitioner will prevail with respect to at least one of the claims it challenges.  *Id*. § 314(a).  An IPR may not be instituted if the petition requesting the proceeding is filed more than one year after the date on which the petitioner (or a real party in interest or privy) is served with a complaint alleging infringement of the patent.  *Id*. § 315(b).  The IPR is conducted by the PTAB and a final determination in an IPR must be issued not later than one year after the IPR is instituted except for good cause shown.  *Id*. § 316(a)(11), (c).  If the PTAB initiates an IPR it is required to address every challenged claim in the petition and to apply the same claim construction standard that would be used by a district court in a patent infringement lawsuit.  *See Nike, Inc. v. Lululemon USA Inc.*, 2023 WL 2214884, at *2 (S.D.N.Y. Feb. 24, 2023). The IPR gives the Patent Office "significant power to revisit and revise earlier patent grants."  *Cuozzo Speed Techs. v. Com. for Intell. Prop.*, 579 U.S. 261, 272 (2016).  In

essence, "[i]nter partes review is simply a reconsideration of th[e] grant" of a patent by the office that granted it. *Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 584 U.S. 325, 335 (2018). "The new procedure allows private parties to challenge previously issued patent claims in an adversarial process before the Patent Office that mimics civil litigation." *SAS Inst., Inc. v. Iancu*, 584 U.S. 357, 359 (2018).

In determining whether a stay pending resolution of IPR proceedings is appropriate, courts in this District consider three factors: "(1) whether a stay will simplify the issues in question and trial of the case; (2) the stage of the proceedings; and (3) whether a stay will prejudice the nonmoving party.'" *Rovi Guides, Inc. v. Comcast Corp.*, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017) (quoting *Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, 2016 WL 6094114, at *2 (S.D.N.Y. Oct. 18, 2016)). "'These factors are not exclusive, however, and in the end, an overarching consideration of the circumstances in their totality governs.'" *Grecia v. MasterCard, Inc.*, 2017 WL 11566955, at *2 (S.D.N.Y. Apr. 3, 2017) (Sullivan, J) (quoting *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, 2014 WL 2854656, at *2 (S.D.N.Y. June 20, 2014)). "The 'burden is on the movant to establish that a stay is warranted.'" *Nike*, 2023 WL 2214884, at *1 (quoting *Goodman*, 2017 WL 5636286 at *2). Defendant has satisfied its burden.

An IPR would simplify the issues for trial. The complaint alleges that Defendant infringed claim 1 of the '974 Patent and thus is predicated on the notion that such Patent is valid. Dkt. No. 1. In the Petition, Defendant asks the PTAB to cancel the claim upon which the complaint is based—independent claim 1, as well as dependent claims 2–13 and 15–16 of the '974 Patent—on grounds that such patents should not have been granted as they are obvious over the prior art. Dkt. No. 30-2 at ECF pp. 3–101. If the PTAB grants Defendant's requested relief,

there will be no need for the Court to address Plaintiff's claims and the case will be dismissed. *See Kannuu Pty Ltd. v. Samsung Elecs. Co.*, 2021 WL 195163, at *9 (S.D.N.Y. Jan. 19, 2021), *aff'd* 15 F.4th 1101 (Fed. Cir. 2021). On the other hand, if the PTAB upholds Plaintiff's patent claims, Defendant "will be estopped from challenging the validity of the claims on any ground that was 'raised or reasonably could have [been] raised' during the IPR proceedings." *Rovi Guides*, 2017 WL 4876305, at *3 (S.D.N.Y. Oct. 27, 2017) (quoting 35 U.S.C. § 315(e)(2)); *see Calif. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) ("estoppel applies not just to claims and grounds asserted in the petition and instituted for consideration by the Board, but to all grounds not stated in the petition but which reasonably could have been asserted against the claims included in the petition") *cert. denied sub nom. Apple Inc. v. California Inst. of Tech.*, 143 S. Ct. 2658 (2023). The case will be simplified. There is great efficiency in permitting the office that granted the patent upon which the complaint is based the right to determine first whether that patent should be cancelled or enforced. "Moreover, the Court 'will benefit from the PTAB's guidance on the construction of certain claim terms' and validity, and its expertise 'in this complex field of art is likely to be of considerable assistance to the Court.'" *Deckers Outdoor Corp. v. Next Step Grp., Inc.*, 2024 WL 1077875, at *2 (S.D.N.Y. Feb. 29, 2024) (quoting *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 3943058, at *10 (D. Del. Aug. 21, 2019)).

Plaintiff questions whether the PTAB will institute the IPR. Dkt. No. 35 at 9–10. It points out that the three prior art references upon which the Petition is based were all considered by the patent examiner during the prosecution of the '974 Patent. *Id*. at 10. In fact, the Information Disclosure Statement ("IDS") indicates that the three references were considered by the examiner. *Id*. at 10–11; Dkt. No. 35-2 at ECF pp. 12, 21. That evidence weighs slightly

against a stay. The PTAB will not authorize an IPR unless it determines that "there is a reasonable likelihood that the petitioner would prevail with respect to at least 1 of the claims challenged in the petition." 35 U.S.C.A. § 314(a). And, in determining whether to institute an IPR, the PTAB may take "into account whether, and reject the petition or request because, the same or substantially the same prior art or arguments previously were presented to the Office." *Dr. Reddy's Labs. S.A. v. Eye Therapies, LLC*, 2024 WL 3797758, at *7 (P.T.A.B. Aug. 13, 2024). At the same time, it is not dispositive.

However, that the PTAB has not yet initiated an IPR is not fatal to Defendant's motion. "While some courts have indeed 'come to the conclusion that the factors relevant to a stay analysis cannot be meaningfully addressed until the PTO determines whether to institute an IPR[,] . . . that view does not appear to be the majority position in this Circuit.'" *Deckers*, 2024 WL 1077875, at *2 (S.D.N.Y. Feb. 29, 2024) (quoting *Nike*, 2023 WL 2214884, at *2 (collecting cases)). Moreover, the PTAB does not always equate "an examiner's initial on an IDS with meaningful evaluation and appreciation of the prior art." *Id.*, at *9; *see also Cisco Sys., Inc. v. Portsmouth Network Corp.*, No. IPR2024-00505, 2024 WL 3678414, at *8 (P.T.A.B. Aug. 6, 2024) (granting IPR even though prior art was acknowledged in IDS because there was no evidence that the prior art was evaluated). As in the cases cited by Defendant, Plaintiff here has identified no evidence that the prior art was evaluated other than its reference in the IDS. The PTAB will decide whether to institute an IPR by mid-January 2025, i.e., in little more than four months. If the PTAB were to reject Defendant's request for an IPR, "the stay would be relatively short, and litigation in this case would resume in" January. *Molo Design, Ltd. v. Chanel, Inc.*, 2022 WL 2135628, at *2 (S.D.N.Y. May 2, 2022).

The second factor also favors a stay.  "[T]his factor weighs against granting a stay where the case is past the early stages of proceedings and substantial discovery has occurred." *Id.* at *4. Once the court has invested in the case and it has proceeded close to conclusion, it is loath to stay its hand in favor of an uncertain process before the PTAB.  Plaintiff has provided its detailed Preliminary Infringement Contentions, Defendant has served its Preliminary Invalidity Contentions, and the parties have exchanged Proposed Terms and Claims Elements for Construction as well as Preliminary Claim Constructions and Extrinsic Evidence all as required by the Scheduling Order.  Dkt. No. 35 at 3–4.  However, no written discovery has been exchanged, *see* Dkt. No. 30 at 2, the parties have not yet briefed the issue of claim construction, attended a Markman hearing, or received a claim construction order.  *See Rovi Guides*, 2017 WL 4876305, at *3.  Plaintiff notes that the Scheduling Order provided for a Markman hearing on December 11, 2024 and contemplated a decision on Claim Construction on or about January 22, 2025, Dkt. No. 29 at 2–3, but that order was entered by the District Court in Texas before the case was transferred to this Court.  This Court would be prepared to proceed expeditiously but it could not keep to that schedule.  Even then, given the imminent decision by the PTAB on whether to institute an IPR, there is no need for the Court to proceed so expeditiously.

Finally, the third factor further favors a stay.  It might be appropriate to decline a stay in a case where the parties are direct competitors, there is a genuine risk of irreparable harm, and there is a substantial possibility that the PTO will decide not to institute an IPR.  *See Grecia*, 2017 WL 11566955 at *3 (quoting *ADA Sols., Inc. v. Engineered Plastics, Inc.*, 826 F. Supp. 2d 348, 351 (D. Mass. 2011)).  A stay in such circumstances could compromise the interest of the Plaintiff in the "just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, contemplated by the Federal Rules of Civil Procedure.  *See Intellectual*

*Ventures II L.L.C. v. JP Morgan Chase & Co.*, 2014 WL 10919562, at *3 (S.D.N.Y. Aug. 11, 2014). This is not such a case.

Plaintiff asserts that the parties are competitors and Defendant does appear to seriously dispute that contention. Dkt. No. 35 at ECF p. 11; Dkt. No. 42 at ECF pp. 6–7. In isolation, that fact would favor a stay. *See Grecia*, 2017 WL 11566955, at *3. However, courts give reduced weight to claims of prejudice when plaintiff has delayed in bringing suit. *See Nike*, 2023 WL 2214884 at *3. Here, Plaintiff complained about Defendant's alleged infringement of the '974 Patent as early as November 2020. Dkt. No. 35 ¶¶ 25, 38; Dkt. No. 25-2 at ECF pp. 12–14. In December 2020, Defendant told Plaintiff that its claim of infringement was frivolous and that it intended to continue the activities Plaintiff alleged to be infringing. Dkt. No. 30 at ECF p. 9; Dkt. No. 35 at ECF p. 6; Dkt. No. 25-2 at ECF pp. 19–22. Plaintiff then went silent for almost three years. It did not seek to prevent Defendant from infringing the '974 Patent until it filed this lawsuit in mid-November 2023. Dkt. No. 1. Plaintiff was not without the wherewithal to file suit (or at least to send further correspondence to Defendant). Plaintiff admits that it "resolv[ed] several patent infringement matters with competitors over the last few years through settlements and licensing agreements." Dkt. No. 35 at ECF pp. 6–7. From the record before the Court, it just apparently did not care enough about Defendant to do something about its alleged infringing activities.

Plaintiff has not "identified concrete financial harm, by pointing to particular sales data or other similar information or even specifics regarding any market share or goodwill impact, in opposing the stay." *See Nanobebe US Inc. v. Mayborn (UK) Limited*, 2023 WL 4993642, at *4 (S.D.N.Y. Aug. 4, 2023).

9

In addition, and even now, Plaintiff has not sought preliminary injunctive relief either before the court in Texas or before this Court. Dkt. No. 35 at ECF pp. 12–13. This fact further undermines Plaintiff's claim that it would suffer prejudice if the Court stays action here while the PTAB reviews Plaintiff's patent. *See Nike*, 2023 WL 2214884 at *3; *OV Loop, Inc. v Mastercard Inc.*, 2023 WL 7905690, at *6 (S.D.N.Y. Nov. 16, 2023); *Deckers*, 2024 WL 1077875, at *3. Defendant proclaims that it did not seek preliminary injunctive relief because "it is a small company with limited resources" and the litigation process in Texas would proceed quickly enough to make a preliminary injunction unnecessary. Dkt. No. 35 at ECF p. 13. The Federal Circuit has rejected this precise argument, reasoning that "the fact that it was not worth the expense to ask for this remedy contradicts [the non-movant's] assertion that it needs injunctive relief as soon as possible." *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014).

In addition to the relationship of the parties, a court considering the third factor will consider: "'(1) the timing of the review request; (2) the timing of the request for [a] stay; [and] (3) the status of the review proceedings.'" *Deckers*, 2024 WL 1077875, at *3 (quoting *Rovi Guides*, 2017 WL 4876305, at *4); *see Molo Design*, 2022 WL 2135628 at *3.

The timing of the Petition further suggests that Plaintiff will not be prejudiced. The Petition falls well-within the statutory deadline. An IPR may not be instituted if the petition comes more than one year after the petitioning party has been served with a complaint alleging patent infringement. 35 U.S.C. § 315(b); *see Thryv, Inc.*, 590 U.S. at 48. "The weight of the decisions in this Circuit counsels in favor of granting a stay where a party files its IPR proceedings within the one-year statutory deadline." *Molo Design*, 2022 WL 2135628, at *3. Even if the Court were not to accept that broad categorical statement, the Petition was filed

within months of the initiation of the lawsuit. *Compare* Dkt. No. 1 (initiating lawsuit in November 2023) *with* Dkt. No. 30-2 (Petition filed in July 2024). Moreover, there is no evidence that the Petition was filed for strategic reasons to avoid an unfavorable forum, the danger of an unfavorable ruling, or particularly burdensome discovery. It was filed while the motion for a transfer was still pending, at an early stage of the proceeding, and before the Court had issued any substantive rulings. While Plaintiff argues Defendant could have filed Petition earlier including before Plaintiff initiated the lawsuit, Dkt. No 35 at ECF pp. 6–7, 11–12, there was no particular reason for it to have done so. After Defendant responded to Plaintiff's 2020 letter by stating that there was no infringement even if the patent was valid, Plaintiff did not respond further and remained silent for years. There would have been every reason to expect from the perspective of Defendant that the issue had been resolved.

The timing of the request for stay also supports the finding that a stay will not prejudice Plaintiff. Courts have found that this factor weighs towards granting a stay when the motion for a stay was filed in close proximity to the IPR petition. *See OV Loop*, 2023 WL 7905690, at *4; *Slingshot Printing LLC v. Canon U.S.A., Inc.*, 2022 WL 17361232, at *4 (E.D.N.Y. Dec. 1, 2022). Moreover, there is no evidence that the timing of the request for a stay was dilatory or done for a tactical advantage. *See Rovi Guides*, 2017 WL4876305, at *4. The stay request was filed within two weeks of the Petition. *Compare* Dkt. No. 30 *with* Dkt. No. 30-2.

With respect to the status of the review proceedings, while those proceedings have not yet been instituted, a decision whether to institute is expected shortly and there is no reason to suspect that the review itself will be prolonged. Courts have observed that delays of several months, even if arguably "significant," are outweighed by the potential benefits of obtaining a PTAB decision to simplify the issues in litigation. *See OV Loop*, 2023 WL 7905690, at *5; *Molo*

11

*Design*, 2022 WL 2135628, at *3; *Synkloud*, 2022 WL 1046261, at *4. Plaintiff argues that a stay should not issue because the PTAB has not decided whether to institute IPR. The upshot of that argument is that Defendant should have waited to move for a stay until after the PTAB had decided whether to institute IPR. Defendant would be between a rock and a hard place. If it seeks the stay too early, the stay would be denied for that reason alone, while if it waits until after a decision to institute a IPR is made a stay could be denied for that reason as well. For that reason, as courts have ruled, *see supra* pp. 6–7, the fact that the IPR has not yet been instituted is not sufficient grounds to deny a stay.

## CONCLUSION

The motion to stay is GRANTED. The parties shall file a joint status letter within seven days of any decision by the PTAB to institute an IPR and, assuming that an IPR is instituted, every three months thereafter. The stay shall expire on the earlier of a decision by the PTAB not to institute an IPR or a final written decision on the IPR. All dates on the Scheduling Order are adjourned pending a decision on the IPR.

The Clerk of Court is respectfully directed to close Dkt. No. 30.

SO ORDERED.

Dated: September 9, 2024
      New York, New York

                                       LEWIS J. LIMAN
                                       United States District Judge